UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

EDWIN JOHN WEST, JR.,

                  Plaintiff,

v.                                                5:15-CV-1042
                                                  (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP | HOWARD D. OLINSKY, ESQ. |
|  Counsel for Plaintiff | |
| 300 South State Street, Ste. 420 | |
| Syracuse, NY 13202 | |
| | |
| U.S. SOCIAL SECURITY ADMIN. | ELIZABETH ROTHSTEIN, ESQ. |
| OFFICE OF REG'L GEN. COUNSEL – REGION II | |
|  Counsel for Defendant | |
| 26 Federal Plaza – Room 3904 | |
| New York, NY 10278 | |

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

This matter was referred for report and recommendation by the Honorable Judge

Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(d). (Dkt. No. 13.) This case has proceeded in accordance with General

Order 18.

Currently before the Court, in this Social Security action filed by Edwin John

West, Jr. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings.  (Dkt. Nos. 11, 12.)  For the reasons set forth

below, it is recommended that Plaintiff's motion be denied and Defendant's motion be

granted.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on May 17, 1974.  (T. 80.)  He received a GED.  (T. 222.)

Generally, Plaintiff's alleged disability consists of vertebrae removal and nerve damage.

(T. 221.)  His alleged disability onset date is October 29, 2012. (T. 198.)  His date last

insured is September 30, 2016.  (T. 80.)  He previously worked as a commercial truck

driver.  (T. 222.)

### B.    Procedural History

On October 29, 2012, Plaintiff applied for a period of Disability Insurance Benefits

("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the

Social Security Act.  (T. 199.)  Plaintiff's applications were initially denied, after which he

timely requested a hearing before an Administrative Law Judge ("the ALJ").  On March

5, 2014, Plaintiff appeared before the ALJ, Lisa B. Martin.  (T. 43-78.)  On May 21,

2014, ALJ Martin issued a written decision finding Plaintiff not disabled under the Social

Security Act.  (T. 27-42.)  On July 10, 2015, the Appeals Council ("AC") denied Plaintiff's

request for review, rendering the ALJ's decision the final decision of the Commissioner.

(T. 1-7.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 32-38.)  First, the ALJ found that Plaintiff met the insured status

requirements through September 30, 2016 and Plaintiff had not engaged in substantial

gainful activity since October 29, 2012.  (T. 32.)  Second, the ALJ found that Plaintiff

had the severe impairments of cervical and lumbar spine disorders, bilateral carpal

tunnel syndrome, and obesity.  (*Id.*)  Third, the ALJ found that Plaintiff did not have an

impairment that meets or medically equals one of the listed impairments located in 20

C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 33.)  Fourth, the ALJ found that Plaintiff

had the residual functional capacity ("RFC") to perform light work, except Plaintiff

required a sit-stand option that involved the opportunity to change positions as often as

every 30 minutes for one to two minutes.  (T. 33.)  Further, the ALJ determined that

Plaintiff must avoid ladders, ropes, scaffolds and climbing, and was limited to only

occasional postural motions.  (*Id.*)  The ALJ found that Plaintiff was limited to occasional

pushing and pulling tasks with the upper and lower extremities; he must avoid constant

upper extremity reaching, handling, fingering, and feeling; and he must avoid overhead

reaching tasks.  (*Id.*)  Finally, the ALJ found that Plaintiff must avoid dangerous work

hazards including unprotected heights and exposed machinery.  (*Id.*)  Fifth, the ALJ

determined that Plaintiff was incapable of performing his past relevant work; however,

there were jobs that existed in significant numbers in the national economy Plaintiff

could perform.  (T. 36-38.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.      Plaintiff's Arguments

Plaintiff makes four separate arguments in support of his motion for judgment on

the pleadings.  First, Plaintiff argues the RFC determination was not supported by

substantial evidence because the ALJ failed to properly weigh the opinion evidence in

the record. (Dkt. No. 11 at 5-9 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ's

credibility determination was not supported by substantial evidence. (*Id.* at 9-11.)

Third, Plaintiff argues that the ALJ's step five determination was not supported by

substantial evidence. (*Id.* at 11-12.) Fourth, and lastly, Plaintiff argues that the AC

erred as a matter of law in failing to consider new and material evidence. (*Id.* at 12-14.)

### B.    Defendant's Arguments

In response, Defendant makes four arguments. First, Defendant argues that the

ALJ properly considered the evidence in the record and her RFC finding was supported

by substantial evidence. (Dkt. No. 12 at 5-12 [Def.'s Mem. of Law].) Second,

Defendant argues that the ALJ properly assessed Plaintiff's credibility. (*Id.* at 12-14.)

Third, Defendant argues that the ALJ correctly found that Plaintiff could perform other

work in the national economy. (*Id.* at 14-16.) Fourth, and lastly, Defendant argues that

the evidence submitted to the AC did not warrant remand. (*Id.* at 16-17.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo

whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v.*

*Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

Commissioner's determination will only be reversed if the correct legal standards were

not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*,

817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether

the ALJ applied correct legal principles, application of the substantial evidence standard

to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

For ease of analysis, Plaintiff's arguments will be address out of order.

### A.      New and Material Evidence Submitted to the AC

The AC is obligated to consider "new and material evidence." 20 C.F.R. §§ 404.970(b), 404.1470(b). New evidence is "material" if it is: "(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative." *Pollard v. Halter,* 377 F.3d 183, 193 (2d Cir. 2004). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard,* 377 F.3d at 193. Such evidence cannot be summarily deemed irrelevant simply because it was generated after the ALJ rendered a decision. *Id.* at 193-194.

"[N]ew evidence submitted to the [AC] following the ALJ's decision becomes part of the administrative record for judicial review when the [AC] denies review of the ALJ's

decision." *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir. 1996). "The only limitations stated in [20 C.F.R. §§ 404.970(b) and 416.1470(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision." *Perez,* 77 F.3d at 45*.*

Once evidence is added to the record, the AC must then consider the entire record, including the new evidence, and review the case to see if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). If the AC denies review of a case, the ALJ's decision, and not the AC's decision, is the final agency decision. *See Perez,* 77 F.3d at 44. When the AC denies review in a case, the review focuses on the ALJ's decision. *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015); *see* 42 U.S.C. § 405(g) ("Any individual, after any *final decision* of the Commissioner ..., may obtain a review of such decision by a civil action....").

Here, Plaintiff submitted additional evidence to the AC consisting of treatment notations from Hassan Shukri, M.D. dated April 14, 2014 to November 17, 2014; treatment notations from David Eng, M.D. dated February 24, 2014 to May 22, 2015. (T. 5-6.) Plaintiff also submitted additional records from Walter Short, M.D. dated April 30, 2015; however, the AC determined that Dr. Short's records were from a later time and did not affect the ALJ's decision. (T. 2.) Therefore, Dr. Short's 2015 records were not included in the administrative record.

Plaintiff argues that the AC committed legal error and remand is warranted because the AC's "boilerplate affirmation of the ALJ's finding fail[ed] to indicate receipt and consideration of other additional records from Dr. Shukri and Dr. Eng." (Dkt. No. 11

at 12 [Pl.'s Mem. of Law].)  However, a reading of the AC's decision clearly indicated

that they received, and reviewed, the additional information from Dr. Shukri and Dr.

Eng.

The AC's decision stated "we considered the reasons you disagree with the

decision and the additional evidence listed on the enclosed Order of Appeals Council."

(T. 1.)  The additional evidence listed on the Order included the records from Dr. Shukri

and Dr. Eng.  (T. 6.)  Second, although the AC did not mention Dr. Shukri and Dr. Eng

by name, the AC stated "[w]e *also* looked at records from Walter Short, M.D.," thus

indicating there was additional evidence they considered.  (T. 2.)  Therefore, Plaintiff's

argument, that the AC failed to indicate receipt and consideration of additional records

from Dr. Shukri and Dr. Eng, is without merit.

A district court's review is based on the entire administrative record, including

any new evidence submitted to the AC following the ALJ's decision.  *See Perez,* 77 F.3d

at 45.  Thus, as in this case, when the AC denies review after considering new

evidence, the court "simply review[s] the entire administrative record, which includes the

new evidence, and determine[s], as in every case, whether there is substantial evidence

to support the decision of the [Commissioner]."  *Id.* at 46; *Lesterhuis*, 805 F.3d 87.

Plaintiff argues that the additional evidence provided to the AC bolstered

Plaintiff's credibility.  (Dkt. No. 11 at 13 [Pl.'s Mem. of Law].)  As stated further herein,

the ALJ properly assessed Plaintiff's credibility, and based on a review of the entire

administrative record, the ALJ's credibility determination was supported by substantial

evidence.

**B.     The ALJ's RFC Determination**

Plaintiff's RFC is the most he can do despite his limitations and is determined by assessing all the relevant evidence. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ is responsible for determining Plaintiff's RFC. *Id.* at §§ 404.1527(d)(2), 416.927(d)(2).

Plaintiff argues that the ALJ erred in determining his RFC because she erroneously rejected the opinion of treating physician, Dr. Shukri. (Dkt. No. 11 at 6-8 [Pl.'s Mem. of Law].) In addition, Plaintiff contends the ALJ's RFC analysis failed to explain or address how the consultative examiner's opinion supported her RFC determination. (*Id.* at 8.) Essentially, Plaintiff argues that is it impossible to determine if substantial evidence supported the ALJ's RFC determination without the support of a medical opinion containing those limitations. (*Id.* at 8.)

Here, the ALJ properly assessed Dr. Shukri's opinion. On December 13, 2013, Dr. Shukri stated that Plaintiff was applying for social security disability and he would have "difficulty doing his work," he further opined that Plaintiff was "permanently totally disabled." (T. 568, 570.) The ALJ afforded Dr. Shukri's December 2013 opinion "limited weight." (T. 35.) The ALJ reasoned that the opinion did not provide specific functional limitations, objective evidence did not support the opinion, and the opinion was inconsistent with other opinions in the record. (T. 36.)

To be sure, the opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). However, the ultimate issue of disability is an issue reserved to the

Commissioner.  20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).  As stated by Defendant, the ALJ appropriately afforded Dr. Shukri's opinion, that Plaintiff was totally disabled, less than controlling weight because the opinion was ultimately one reserved to Commissioner.  (Dkt. No. 12 at 7 [Def.'s Mem. of Law].)  However, despite Dr. Shukri's conclusory statement, the ALJ proceeded to evaluate his opinion in accordance with the Regulations at 20 C.F.R. §§ 404.1527(c)(2)(i)-(iv) and 416.927(c)(2)(i)-(iv) and substantial evidence supported the ALJ's determination.

In her evaluation of Dr. Shukri's opinion, the ALJ discussed objective evidence that the ALJ concluded did not support the determination.  (T. 36.)  Specifically, the ALJ noted Dr. Shukri's treatment notations on December 2013 indicated normal sensation and muscle strength in his extremities.  (T. 36, referring to T. 569.)  Dr. Shukri's notations also indicated that Plaintiff denied back pain, neck pain, and weakness; exhibited no neck or spinal tenderness; and had full range of motion in his cervical spine.  (T. 569.)

The ALJ also concluded that Dr. Shukri's opinion was inconsistent with the opinion of the consultative examiner, Kalyani Ganesh, M.D.  (T. 36); *see* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).  On January 15, 2013, Dr. Ganesh examined Plaintiff and provided a medical source statement.  (T. 339-341.)  Dr. Ganesh observed on examination that Plaintiff had normal gait, could not squat fully, needed no help changing for the exam, and was able to rise from a chair without difficulty.  (T. 340.)  Dr. Ganesh noted that Plaintiff had reduced range of motion in his cervical spine, and there was cervical pain and tenderness in the trapezius.  (*Id.*)  He observed that Plaintiff had full range of motion, full strength, and had no sensory abnormalities in his upper

10

extremities. (*Id.*) Dr. Ganesh observed that Plaintiff had reduced range of motion in his thoracic and lumbar spine. (*Id.*) He noted that Plaintiff had full range of motion, full strength, and no sensory abnormality in his lower extremities. (*Id.*)

In a medical source statement, Dr. Ganesh opined that Plaintiff had "[n]o gross limitation noted in sitting, standing, and walking. He has moderate to severe limitation in lifting, carrying, pushing, and pulling." (T. 341.) The ALJ ultimately concluded, Dr. Ganesh's opinion indicated that limitations were warranted; however, Plaintiff was not necessarily unable to work. (T. 36.) The ALJ properly assessed Dr. Shukri's December 2013 opinion, because it was an opinion ultimately reserved to the ALJ, it was not supported by treatment notations, and it was inconsistent with other opinions in the record.

Although the ALJ's RFC determination did not specifically track a medical opinion in the record, substantial evidence supported the determination. Namely, the ALJ's RFC determination was supported by the medical opinion of Dr. Ganesh, treatment notations from Plaintiff's providers, and Plaintiff's testimony.

Plaintiff argues that the ALJ's analysis of Dr. Ganesh's opinion failed to explain how his opinion translated into the ability to do light work. (Dkt. No. 11 at 8 [Pl.'s Mem. of Law].) First, the ALJ did not rely exclusively on Dr. Ganesh's opinion in formulating her RFC analysis. The ALJ relied on treatment records from Plaintiff's treating providers and Plaintiff's testimony, as well as Dr. Ganesh's opinion, in formulating her RFC determination. Second, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of

medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."), *see also Zongos v. Colvin*, No. 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion).

Here, the ALJ provided a thorough explanation detailing how the medical opinion evidence, and Plaintiff's testimony, as a whole, supported her RFC determination. Regarding Plaintiff's ability to sit, stand, or walk, the ALJ stated that although Dr. Ganesh opined Plaintiff had no limitations in this area, other medical evidence supported a need for the ability to change positions and taking normal work breaks to sit for longer periods. (T. 36.) The ALJ further explained that Plaintiff's testimony was considered in assessing his sitting, standing, and walking abilities. (*Id.*) The ALJ stated that evidence of Plaintiff's radiculopathy was consistent with Dr. Ganesh's opinion that Plaintiff had moderate to severe limitations in lifting, carrying, pushing, and pulling, and would further suggest a need to avoid long periods of standing and walking. (*Id.*)

Elsewhere in her decision the ALJ reasoned that Plaintiff had additional limitation based on his testimony. The ALJ stated that based on Plaintiff's reported numbness and pain symptoms, she limited Plaintiff to reaching, handling, fingering, and feeling motions that were not constant. (T. 35.) The ALJ also explained that she limited Plaintiff to only occasional postural motions due to Plaintiff's complaints of pain with prolonged activity involving the spine. (*Id.*) The ALJ stated she provided for a sit down/change of position opportunity due to Plaintiff's testimony that he had difficulty with prolonged sitting and standing. (*Id.*) Therefore, in formulating her RFC determination,

the ALJ provided a thorough analysis of the opinion evidence in the record, and Plaintiff's testimony, and a detailed explanation of how she reached her RFC determination based on that evidence. Therefore, substantial evidence in the record supported the ALJ's RFC determination.

Further, as stated by Defendant, even if the ALJ had limited Plaintiff to the lifting requirements of sedentary work, there were still a significant number of jobs in the economy that Plaintiff could perform based on the testimony of the vocational expert ("VE"). (Dkt. No. 12 at 12 [Def.'s Mem. of Law].) At the hearing the VE testified that a person with Plaintiff's age, education, work experience, and RFC for light work with additional limitations, could perform the sedentary occupations of final assembler (DOT # 713.687-018) and new account clerk (DOT # 205.367-014). (T. 72-73.)

Plaintiff also makes the conclusory argument that the ALJ was obligated to re-contact Dr. Shukri for clarification under 20 C.F.R. §§ 404.1520b(c)(1) and 416.920b(c)(1). (Dkt. No. 11 at 8 [Pl.'s Mem. of Law].) As stated by Defendant, this Regulation contemplates re-contacting a physician if the evidence is insufficient to permit the ALJ to make a decision. (Dkt. No. 12 at 9 [Def.'s Mem. of Law].) As stated herein, substantial evidence in the record supported the ALJ's RFC determination and therefore the ALJ did not err in failing to re-contact Dr. Shukri.

Therefore, for the reasons stated herein and further outlined in Defendant's brief, it is recommended that the ALJ's RFC determination be upheld.

### C.    The ALJ's Credibility Determination

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue,*

614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)).  However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms.  *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 96-7p.  First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged."  20 C.F.R. §§ 404.1529(a), 416.929(a); SSR 96-7p. Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (5) other treatment the claimant receives or has received to relieve his pain or other symptoms; (6) any measures that the claimant takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning claimant's functional

limitations and restrictions due to his pain or other symptoms.  20 C.F.R. §§

404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); SSR 96-7p.

Plaintiff argues that the ALJ erred in her evaluation of Plaintiff's credibility

because she stated that Plaintiff's physical impairments did "not preclude all work."

(Dkt. No. 11 at 9 [Pl.'s Mem. of Law].)  To be sure, the ALJ's phrasing was questionable

because Plaintiff need not show that he cannot perform any work, but that he cannot

engage in substantial gainful activity.  *See* 42 U.S.C. 423(d)(1)(A).  However, a reading

of the ALJ's decision as a whole indicated that the ALJ applied the proper legal

standard and substantial evidence supported her credibility determination.  Further, the

ALJ made this statement in the context of evaluating Plaintiff's credibility, not in her final

disability determination.  At the least, the ALJ's phrasing was harmless error because

she provided additional reasons for finding Plaintiff's testimony not entirely credible.

In her decision the ALJ determined that Plaintiff's medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however,

Plaintiff's statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely credible.  (T. 34.)  In making her credibility determination

the ALJ outlined, and relied on: objective medical evidence in the record; Plaintiff's

testimony; Plaintiff's failure to fully comply with treatment; Plaintiff's medical treatment

including medication, steroid injections, and surgeries; and Plaintiff's testimony that he

could have worked part-time in his job as a truck driver and applied for other work but

was unable to find any.  (T. 34-35.)

Plaintiff argues that the ALJ failed in her credibility analysis because she did not

discuss Plaintiff's activities of daily living.  (Dkt. No. 11 at 12 [Pl.'s Mem. of Law].)

Where an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). The ALJ did not provide a discussion of Plaintiff's activities of daily living; however, the ALJ did discuss other factors outlined in 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii), such as Plaintiff' treatment, medication, and pain. (T. 35.) Therefore, failure to mention one factor, such as activities of daily living, does not warrant remand were, as here, the ALJ's reasoning and adherence to the Regulations was clear.

Plaintiff argues that the evidence in the record supported Plaintiff's credibility. (Dkt. No. 11 at 10-11 [Pl.'s Mem. of Law].) Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own

judgment even if it might justifiably have reached a different result upon a *de novo* review).

In addition, Plaintiff argues that the additional records submitted to the AC bolstered Plaintiff's credibility by providing additional medical evidence relating to the treatment of his cervical and lumbar spine impairments. (Dkt. No. 11 at 13 [Pl.'s Mem. of Law].) Although the notations provide evidence that Plaintiff continued with treatment for his impairments, a reasonable factfinder could still have reached the ALJ's conclusions based on the evidence in record. *See Brault*, 683 F.3d at 448; *see also Wojciechowski,* 967 F.Supp.2d at 605.

Regarding Plaintiff's treatment, the ALJ noted that Plaintiff declined physical therapy in May of 2013. (T. 35, *referring to* T. 473-475.) The ALJ also noted that Plaintiff was taking medications to treat his pain and receiving injections which provided a few weeks of pain relief. (T. 35, *referring to* T. 61.) Despite the new evidence, as outline below, a reasonable fact finder could still have reached the ALJ's credibility conclusion.

New evidence provided to the AC indicated that Plaintiff continued with treatment; however, this new evidence does not support an alternative credibility finding. A notation from Dr. Eng dated March 5, 2014, indicated that Plaintiff was receiving treatment and he recommended that Plaintiff continue with injections and nerve blocks and start aqua therapy. (T. 605.) Treatment notations dated April 14, 2014, indicated Plaintiff had normal motor and tone in all four extremities, good muscle consistency in all four limbs, no atrophy or fasciculation, and normal strength in all for limbs. (T. 595.) Examination at that time also indicated Plaintiff had a normal gait, and

normal sensory. (*Id.*) Dr. Eng noted on June 20, 2014, that Plaintiff continued to have neck discomfort, his gait was steady and his strength was symmetric. (T. 606.) He ordered a new MRI. (*Id.*) Treatment notations dated August 18, 2014, three months after the ALJ's decision, revealed the same physical findings as the April 2014 examination. (T. 598.) Notations dated September 15, 2014, four months after the ALJ's decision, noted that injections provide a few weeks of relief and then his pain returns. (T. 607.) A physical exam at that time indicated reduced range of motion in his cervical spine, normal muscle tone, antalgic gait. (*Id.*) A EMG/NCS performed on November 17, 2014, six months after the ALJ's determination, indicated an abnormal study due to "mild to moderate" bilateral carpal tunnel syndrome. (T. 600.) Dr. Eng also provided treatment notations dated a year after the ALJ's determination. (T. 610.) In her credibility analysis the ALJ discussed Plaintiff's treatment, such as injections and medications. (T. 34-35.) The additional evidence simply shows a continuation of this treatment.

In addition, although the ALJ ultimately determined that Plaintiff was not fully credible, the ALJ's RFC determination did take into consideration Plaintiff's alleged limitations due to his impairments. For example, the ALJ provided for limitations in reaching, handling, gingering, and feeling based on Plaintiff's testimony; and, the ALJ stated that she provided for a sit/stand option based on Plaintiff's testimony that he had difficulty with prolonged sitting and standing. (T. 35.)

Therefore, it is recommended that thee ALJ's credibility determination be upheld because it was made in accordance with the Regulations and supported by substantial evidence.

**D. The ALJ's Step Five Determination**

Here, the ALJ relied on VE testimony at step five in concluding that Plaintiff could perform work existing in the national economy. (T. 37-38.) Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the vocational expert that was based on that assessment. *See Dumas v. Schweiker,* 712 F.2d 1545, 1553–54 (2d Cir.1983) (approving a hypothetical question to a vocational expert that was based on substantial evidence in the record). **ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:     October 18, 2016

_____
William B. Mitchell Carter
U.S. Magistrate Judge